**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JORDAN HOWARD**,                                   CIVIL DOCKET
    **Plaintiff**

**VERSUS**                                           NO.  19-12501

**SANDRA KRULL, ET AL.,**                            SECTION: "E" (2)
    **Defendants**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Insufficient Service of Process filed by

Defendant Sandra Krull pursuant to Federal Rule of Civil Procedure 12(b)(5).[1] Plaintiff

opposes the motion.[2] Krull filed a reply.[3]

## BACKGROUND

On July 23, 2019, Plaintiff filed a petition for damages against Defendants Krull,

EAN Holdings, LLC, and Ace American Insurance Company in the 40th Judicial District

Court for the Parish of St. John the Baptist.[4] The petition alleges Krull, a resident of

Germany, failed to yield while exiting a private driveway and caused a collision with

Plaintiff's vehicle.[5]

Defendant Ace American Insurance Company timely removed this matter to this

Court on September 9, 2019.[6] On December 13, 2019, the Court issued a Show Cause

Order requiring Plaintiff to show cause why Krull had not been served.[7] On December 30,

2019, Plaintiff filed a response claiming that, on October 30, 2019, Plaintiff served Krull

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 18.
[4] R. Doc. 1-2.
[5] *Id.* at 2–3.
[6] R. Doc. 1.
[7] R. Doc. 6.

via service on the Louisiana Secretary of State pursuant to Louisiana Revised Statute §

13:3475[8] On January 2, 2020, Plaintiff filed a motion for enlargement of time to mail the

petition to Krull as required by Louisiana Revised Statute § 13:3575.[9] On January 7, 2020,

the Court granted Plaintiff's motion.[10] On January 16, 2020, Plaintiff again attempted to

serve Krull by issuing a summons to the Louisiana Secretary of State.[11] Defendant Krull

now moves to dismiss Plaintiff's claims against her based on insufficient service of

process.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service

of process is not completed in the proper manner. Service is not completed in the proper

manner if not made in compliance with the requirements of Rule 4.[12] "In the absence of

valid service of process, proceedings against a party are void."[13] Because Krull objects to

the legal sufficiency of the service of process, Plaintiff has the burden of demonstrating

by a preponderance of the evidence the validity of service.[14] "The district court enjoys a

broad discretion in determining whether to dismiss an action for ineffective service of

process."[15]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 4(f)(1) provides that an individual may be served

outside of the United States "by any internationally agreed means of service that is

---

[8] R. Doc. 7.
[9] R. Doc. 8.
[10] R. Doc. 9.
[11] R. Doc. 10; R. Doc. 11.
[12] Fed. R. Civ. P. 4.
[13] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).
[14] *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).
[15] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).

reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention").[16] The Hague Convention "prescribes the exclusive means for service of process emanating from one contracting nation and culminating in another."[17] As another Section of this Court has described it:

> The Hague Convention permits service from abroad through a foreign state's "Central Authority." The authority or competent judicial officer of the state from which the documents to be served originate must forward to the foreign state's Central Authority a request for service of process. This request must contain five documents: (1) a "Request for Service Abroad of Judicial or Extrajudicial Documents," (2) a "Certificate" of service on the reverse of the request, (3) a "Summary of the Documents to be Served," (4) a cover sheet, and (5) the actual document(s) to be served. If service of process will occur in Germany, the document(s) to be served must be written in German *and* either French or English. The Central Authority reviews the request for service for compliance with the aforementioned requirements, and notifies the applicant of any deficiencies.

In this case, the parties do not dispute that, if applicable, the Hague Convention provides the exclusive means by which Krull, an international defendant, may be served. The parties also do not dispute that Plaintiff did not comply with the Hague Convention in serving Krull via Louisiana Revised Statute 13:3474.[18] The only question, then, is whether the Hague Convention applies in this case.

"Germany and the United States are both signatories to the Hague Convention."[19] "Article 1 defines the scope of the Hague Convention and states: 'The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit

---

[16] *Otto Candies, LLC. v. Drager Safety AG & CO., KgaA*, No. CIV.A. 13-447, 2013 WL 6243957, at *1 (E.D. La. Dec. 3, 2013) (citing T.I.A.S. No. 6638, 20 U.S.T. 26120 U.S.T. 261).
[17] *Id.* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 710 (1988) (Brennan, J., concurring)).
[18] The Louisiana Secretary of State is not Germany's "Central Authority," and the petition cannot be mailed to Krull under § 3475 because "Germany . . . has specifically objected to service by mail under the Hague Convention." *PATS Aircraft, LLC v. Vedder Munich GmbH*, 197 F. Supp. 3d 663, 673 (D. Del. 2016).
[19] *Otto Candies, LLC.*, 2013 WL 6243957, at *1.

a judicial or extrajudicial document for service abroad.'"[20] "Use of the Hague Convention procedures, when available, is mandatory if the documents must be transmitted abroad to effect service,"[21] but it is not mandatory if a defendant is served without sending any documents abroad. In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, the plaintiff relied on Illinois' long-arm statute to serve a foreign corporation.[22] The long-arm statute authorized the plaintiff to serve the foreign defendant by substituted service on the defendant's wholly owned domestic subsidiary because that subsidiary was a statutory agent for service of process.[23] The Supreme Court held the plaintiff's service on the subsidiary did not require the transmission of documents for service abroad and accordingly did not implicate the Hague Convention.[24] The Court stated,

> Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications. Whatever internal, private communications take place between the agent and a foreign principal are beyond the concerns of this case. The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service. And, contrary to [the defendant's] assertion, the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national. Applying this analysis, we conclude that this case does not present an occasion to transmit a judicial document for service abroad within the meaning of Article 1. Therefore the Hague Service Convention does not apply, and service was proper. The judgment of the Appellate Court is *Affirmed*.[25]

Plaintiff seeks to serve Krull via Louisiana Revised Statute 13:3474. Section 3474 provides:

> The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state

---

[20] *Am. River Transp. Co. v. M/V BOW LION*, No. CIV.A. 03-1306, 2004 WL 764181, at *2 (E.D. La. Apr. 7, 2004) (citing Hague Convention, Nov. 15, 1965, art.1, 20 U.S.T. 361, at 362).
[21] *Id.* (citing *Schlunk,* 486 U.S. at 694).
[22] 486 U.S. at 706–08.
[23] *Id.*
[24] *Id.*
[25] *Id.*

of Louisiana, or the operation by a non-resident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally.

Section 3475, which provides the means of carrying out service under § 3474, reads:

The service of the process authorized by R.S. 13:3474 shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon the defendant, the nonresident, the executors or administrators of the deceased nonresident, if there be such, and if not, then against his heirs or legatees, or the nonresident liability insurer of the vehicle, as the case may be; provided that notice of such service, together with a copy of the petition and citation, is forthwith sent by the plaintiff by registered mail or certified mail with receipt requested, or is actually delivered to the defendant and the defendant's returned receipt, in case notice is sent by registered or certified mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against the defendant. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

The central dispute in this case is whether Plaintiffs service under § 3474 requires

Plaintiff "to transmit a judicial or extrajudicial document for service abroad." "If [§ 3474]

requires transmission abroad to effect service, the Convention applies; if, however,

service can be effected without the transmission abroad of documents, the Hague Convention does not apply and service is proper according to the state method."[26]

Under § 3474, "service on the defendant is complete when the Secretary of State is served."[27] Nevertheless, § 3475 requires "that notice of such service, together with a copy of the petition and citation, is forthwith sent by the plaintiff by registered mail or certified mail with receipt requested, or is actually delivered to the defendant and the defendant's returned receipt . . . or affidavit of the party delivering the petition and citation . . . is filed in the proceedings before judgment can be entered against the defendant."

Many courts have held that if a nonresident motorist service statute, such as § 3474, requires the plaintiff or secretary of state to send notice of service to a defendant by mail, the Hague Convention is implicated, even if the state statute appoints the secretary of state as a defendant's agent for service. For example, in *Heredia v. Transportation S.A.S., Inc.*,[28] the plaintiff relied on a New York nonresident motorist statute which stated:

> The use or operation by a non-resident of a vehicle in this state, . . . shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him . . . . Service of such summons shall be made by mailing a copy thereof to the secretary of state . . . and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested . . . .[29]

The court held that, "[a]lthough plaintiff followed the procedure established by [this statute], proper service of the summons must also comply with the [Hague Convention]"

---

[26] *Melia v. Les Grands Chais de France*, 135 F.R.D. 28, 30 (D.R.I. 1991) (citing *Schlunk,* 486 U.S. at 699).
[27] *Brown v. S.L. Netterville Logging, Inc.*, No. CIVA 09-200-JJB-SCR, 2009 WL 1875755, at *3 (M.D. La. June 26, 2009) (citing *Allen v. Campbell,* 141 So. 827 (La. App. 2 Cir. 1932)).
[28] 101 F. Supp. 2d 158, 160 (S.D.N.Y. 2000) (citing N.Y. VEH. & TRAF. LAW § 253).
[29] N.Y. VEH. & TRAF. LAW § 253.

because the statute requires that the Secretary of State mail copies of the summons and complaint to non-resident defendants. Thus, New York law requires the transmittal of documents abroad and the Hague Convention applies."[30] Similarly, in *Curcuruto v. Cheshire*, the District Court for the Southern District of Georgia held "the Georgia Non–Resident Motorist Act requires that a copy of the complaint and summons filed with the Secretary of State also be sent to the defendant by registered mail. Clearly, this is a transmission of documents abroad. The Hague Convention, therefore, governs the sufficiency of service of process in this case."[31]

In this case, the Court finds Louisiana Revised Statute sections 3474 and 3475 do require transmission of documents for service abroad and accordingly implicate the Hague Convention. Like the statutes in *Heredia* and *Cheshire*, the Louisiana nonresident motorist statute requires "that notice of . . . service, together with a copy of the petition and citation, is forthwith sent by the plaintiff" to the defendant.

Moreover, the Supreme Court made clear in *Schlunk* that only "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause" does the Hague Convention have no further implications.[32] While it is true that, under § 3474, service is valid once it is made on the secretary of state, it is not complete until notice has been mailed to the defendant. Moreover, the Due Process Clause is not satisfied until a plaintiff gives notice to a defendant under § 3475. Accordingly, the Court finds Plaintiff must send documents abroad to complete service on Defendant Krull under

---

[30] *Heredia*, 101 F. Supp. 2d at 160.
[31] *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994) (citing *Wasden v. Yamaha Motor Co., Ltd.,* 131 F.R.D. 206 (M.D. Fla. 1990) (finding Hague Convention invoked by similar Florida law requiring that process filed with Secretary of State be mailed to defendant)).
[32] *Volkswagenwerk Aktiengesekkschaft v. Schlunk,* 486 U.S. 694, 706–08 (1998)).

Louisiana Revised Statute § 3474, and the Hague Convention prohibits such service except by its exclusive terms.

## CONCLUSION

**IT IS ORDERED** that Plaintiff has until **May 8, 2020**, to serve Defendant Sandra Krull in accordance with this order. If Plaintiff fails to serve Defendant Krull by that date, Defendant Krull's Motion to Dismiss for Insufficient Service of Process[33] will be granted.

**New Orleans, Louisiana, this 9th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 12.